UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-10053-CIV-MOORE/SIMONTON

ADRIAN RIVERA,

       **Plaintiff,**

v.

ORE SEAFOOD, INC.,

       **Defendants.**

_____/

<u>ORDER ON PLAINTIFF'S MOTION TO COMPEL</u>

Presently pending before the Court is Plaintiff's Motion to Compel (DE # 24).  The Motion is referred to the undersigned (DE # 5).  A hearing was held on the Motion on October 20, 2010 wherein the undersigned granted the Motion, in part.  This Order incorporates that ruling.

I. <u>BACKGROUND</u>

This action was initiated when Plaintiff Adrian Rivera filed an action against Defendants Ore Seafood, Inc., Orelia C. Gonzalez and Pedro A. Gonzalez alleging minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") (DE # 1).  According to the Amended Complaint, Defendant Ore Seafood is a seafood supply and distribution company and Defendants Orelia Gonzalez and Pedro Gonzalez are officers of that company (DE # 1 ¶¶ 8,9).  Plaintiff alleges that he was hired by Defendants as a retail store clerk between January 10, 2010 and April 20, 2010, and worked in excess of forty hours per week, but was not properly compensated as required by the FLSA (DE # 1 ¶¶ 23-25). Plaintiff also alleges that after complaining about the Defendants' failure to pay him appropriate minimum wage and overtime compensation that Plaintiff was discharged in retaliation (DE # 1 ¶¶ 34-40).  Plaintiff further alleges that Defendants failed to pay appropriate Social Security and other taxes on Plaintiff's behalf,

and asserts that when he sent Defendants a certified letter regarding that failure, Defendants retaliated by filing a false report with the Monroe County Sheriff's Office accusing the Plaintiff of stalking Defendants' business (DE # 1 ¶¶ 45-47).  Defendants have filed an Answer to the action generally denying the allegations made in Plaintiff's First Amended Complaint (DE # 23).

Plaintiff filed the instant Motion to Compel Discovery asserting that Defendants failed to respond to certain discovery requests propounded on the Defendants in July of 2010 (DE # 24).  The matter was set for hearing by the undersigned and Plaintiff moved to continue the hearing due to a previously scheduled mediation between the Parties (DE # 26).  In the Motion to continue the hearing, Plaintiff indicated that Defendants had provided responses to much of the discovery propounded by Plaintiff, but stated that Defendant Ore Seafood, Inc., had still failed to provide electronic correspondence that had been requested by Plaintiff. In addition, Plaintiff indicated that Defendant Orelia C. Gonzalez failed to respond to Plaintiff's Interrogatories in her individual capacity rather than as the corporate representative for Defendant Ore Seafood.  The undersigned therefore granted the motion to continue and thereafter held a hearing on the discovery issues that remained in dispute between the Parties.

II. LAW & ANALYSIS

1.    Requests for Production Related to Plaintiff's Employment Records

In his First Request for Production of Documents, Plaintiff sought various documents related to Plaintiff's alleged employment with Defendants (DE # 24). Specifically, Request for Production # 1 requested "All documents which evidence the terms and conditions of Plaintiff's employment while employed by Defendant." (DE # 24-1 at 2).  At the hearing, Plaintiff asserted that Defendants failed to provide all of the

2

documents responsive to this request, as well as several other requests that also sought documents related to Plaintiff's employment with Defendants, including Plaintiff's employment application, tax records related to Plaintiff's employment and Plaintiff's work schedule and personnel file, as requested in Requests for Production ## 2, 3, 8 and 13. Plaintiff asserted that although Defendants initially contended that the requested documents did not exist, at the workers' compensation hearing related to this matter, a witness testified that various employment documents in fact did exist.  In addition, Plaintiff contended in his papers and at the hearing, that a witness testified that she saw a spread sheet with the names of Defendants' employees listed on it in Defendants' computer.  Plaintiff further asserted that an employment application had been completed by the Plaintiff and that Plaintiff was in possession of a copy of acknowledgment of receipt of employee handbook given to the Plaintiff.   Plaintiff therefore requested that an independent forensic expert be permitted to search Defendants' computers to determine whether any documents responsive to Plaintiff's Request for Production existed.

At the hearing, Defendants, on the other hand,  maintained that they have no documents responsive to Plaintiffs' requests.  Rather, Defendants contended that the Plaintiff, in response to an advertisement, filled out an application of employment but ultimately was not hired as an employee.  Instead, the Plaintiff and Defendants discussed developing a business which never came to fruition, and thus the Plaintiff and Defendants ultimately went their separate ways.  Defendants therefore asserted that they do not possess documents related to Plaintiff's employment because he was never an employee of the Defendants.  Defendants further asserted that there also are no partnership or other documents in existence.  Further, Defendants' Counsel indicated that the Defendants, whose seafood business is located in Marathon, Florida, had

3

contacted the appropriate person to access their computer and had produced everything in their possession related to the requests, perhaps other than the spread sheet referenced by Plaintiff's Counsel.  Finally, Defendants indicated that they had no objection to Plaintiff's suggestion that an independent forensic computer expert be allowed to examine the Defendants' computer for responsive documents.

Accordingly, at the hearing, the undersigned granted the Plaintiff's Motion to Compel on this issue and ordered that, on or before October 27, 2010, the Parties, at a mutually convenient time, conduct a computer search for all responsive electronic documents through an independent forensic expert.  The undersigned further ordered that although Plaintiff may initially have to pay for the costs of utilizing an expert to conduct the search of Defendants' computers, such costs may be sought as part of the costs taxed against the Defendants at the end of the litigation, if Plaintiff prevails.  In addition, the undersigned ruled that Plaintiff may have the independent forensic examiner examine any off-site computer back-up systems that may contain documents responsive to Plaintiff's requests and also may search emails sent to or from the Defendants' email address "adrian@oreseafood.com" for responsive communications.  Further, as ordered at the hearing, any documents responsive to Plaintiff's request which have not yet been produced by Defendants, should be provided to Plaintiff prior to the computer inspection. In addition, if any responsive documents are discovered during the examination, the Defendants shall provide a copy of those documents to the Plaintiff immediately.

2.      Interrogatory Responses from Defendant Orelia C. Gonzalez

At the hearing, Plaintiff also sought to have Defendant Gonzalez respond, in her individual capacity, to the Interrogatories propounded by Plaintiff.  According to Plaintiff, although Ms. Gonzalez answered the Interrogatories, she did so as President of

4

Defendant Ore Seafood, rather than as an individual Defendant.

At the hearing, Defendants did not provide any explanation for Ms. Gonzalez's failure to answer Plaintiff's interrogatories in her individual capacity. Therefore, the undersigned ordered Defendant Orelia C. Gonzalez to respond to the Plaintiff's Interrogatories in her individual capacity, rather than as an officer of Ore Seafood, on or before Monday, October 25, 2010.  Ms. Gonzalez was also directed to swear to her answers under oath.

III.  <u>CONCLUSION</u>

Therefore, for the reasons stated on the record at the hearing and as restated herein, it is

**ORDERED** that Plaintiff's Motion to Compel (DE # 24) is **GRANTED**, in part, nunc pro tunc.  To the extent that Plaintiff seeks to compel the production of documents related to Plaintiff's employment with Defendants, Plaintiff may have a forensic examination of Defendants' computers conducted, as set forth above, on or before October 27, 2010.  It is further

**ORDERED** that Defendant Orelia C. Gonzalez shall provide responses to Plaintiff's Interrogatories executed in her individual capacity and made under oath, on or before October 25, 2010.

**DONE AND ORDERED** in chambers in Miami, Florida on November 9, 2010.

*Andrea M. Simonton*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:
 The Honorable K. Michael Moore, United States District Judge
 All Counsel of Record